MARGUERITE CLAYMAN, complainant-respondent,

*v.*

BARNEY CLAYMAN, defendant-appellant.

[Argued May 26th, 1948.   Decided September 3d, 1948.]

*Mr. Emerson L. Richards,* for the complainant-respondent.

*Mr. Irving I. Jacobs,* for the defendant-appellant.

The opinion of the court was delivered by

WELLS, J.

This is an appeal from an order entered in the Court of Chancery denying a motion by the defendant-appellant to set

aside and vacate an earlier order of that court awarding the issuance of a writ of sequestration.

On November 5th, 1947, the complainant-respondent, Marguerite Clayman, hereinafter referred to as the wife, filed a bill for separate maintenance. In this bill she set forth that she was married to the defendant-respondent, Barney Clayman, hereinafter referred to as the husband, on April 21st, 1947. She further stated that her husband left her one week later; that he has since refused to provide for her support; that she was unable to support herself and that her husband owned certain property in Atlantic City.

The wife also filed an affidavit in the cause stating her belief that the husband had fled the State; that he had property interests in Atlantic City and that she was unable to effect personal service of subpœna because of the husband's removal from the State. It was then prayed that a writ of sequestration issue, and on November 17th, 1947, an order was entered by the Court of Chancery allowing such writ.

On February 2d, 1948, pursuant to a petition filed by the husband, an order was entered allowing the husband to file a special appearance for the purpose of moving to vacate the order of November 17th, and to quash the writ of sequestration. This order allowing such appearance granted a stay of the proceeding, but made it a condition that if the husband's motion were denied he would thereupon submit without further process to answer the bill of complaint and comply with any order of the court. The husband then entered his special appearance, moved to quash the writ of sequestration, and was in turn met with a counter-motion by the wife to set aside the order allowing the special appearance.

The motion of the husband and counter-motion of the wife were ruled upon by the advisory master on March 1st, 1948. As to the motion to quash the writ of sequestration, the advisory master ruled that the wife's affidavit did not conform to the statute and that the order allowing the writ was improperly entered. However, he permitted the wife to file an additional correcting or supplemental affidavit under *R. S. 2:29–108,* with such affidavit to be passed upon after filing. As to the wife's motion to vacate the order for special appearance. the

advisory master dismissed such motion except that the provision of the order granting the stay of proceedings was stricken. In this ruling the advisory master also granted the wife the privilege of filing an additional affidavit, and stated that such affidavit would then be reviewed to determine if it would support the writ of sequestration.

In accordance with these rulings of the advisory master, the wife filed a further affidavit dated March 8th, 1948. Thereafter, on March 15th, 1948, a further ruling was made on the husband's motion to quash the writ. At that time the advisory master found the additional affidavit of the wife sufficient to support the writ, and thereupon approved an order dismissing the husband's motion.

Based upon the rulings above noted, two separate orders were entered in the Court of Chancery under date of March 22d, 1948. The first order granted leave to the wife to amend the affidavit for a writ of sequestration, in accordance with *R. S. 2:29–108,* and also provided that such affidavit be made a part of the original affidavit which would thereupon be accordingly amended in form and substance. The second order denied the husband's motion to vacate the order of November 17th, 1947, and dismissed the motion to quash the writ. It is from these orders that this appeal is taken.

There is some argument by the parties to this appeal as to the applicable statutory provisions by which an affidavit for a writ of sequestration should be tested. Reference is made to *R. S. 2:50–40,* dealing specially with marital disputes, and *R. S. 2:29–89,* dealing generally with causes in equity. However, this question need not be determined here, for the action taken by the Court of Chancery may be similarly considered under either statutory provision. The real matter for decision relates to the permitting of the additional affidavit and the action taken thereon.

*R. S. 2:29–108,* relied upon by the court below, reads as follows:

"Errors of form or substance which do no substantial damage shall not vitiate the sequestration proceeding, and the court may, at any state of the proceedings, permit amendments of the pleadings, affidavits and process, or the submission of additional affidavits."

Here is provided specific authority for the Court of Chancery to correct errors which may have occurred in proceedings for sequestration. Since this authority is statutory, as contrasted with a rule of court, it is entitled to the same weight as those statutory provisions which deal with the manner in which a complainant may attain relief through the process of sequestration. It follows, therefore, that anyone who seeks to attack a writ of sequestration on the basis of non-conformity with statute, must also be subject to the statute which permits the Court of Chancery to correct errors in the sequestration proceedings at any stage thereof.

Since sequestration is a matter of initial procedure, not concerned with the merits of the cause, the court should be empowered to protect its processes from disruption through mere technicalities. It is to be noted that *R. S. 2:29–88* specifically provides for a liberal construction of the laws relating to sequestration as a remedial process. If such liberal construction is not upheld, then the remedial processes will be subject to disruption and delay with consequent impairment to the power and jurisdiction of the Court of Chancery.

In the case here on appeal, the Court of Chancery exercised its specific statutory authority to correct an error in the sequestration proceeding by permitting the submission of an additional affidavit. As far as the husband is concerned, he has merely been kept accessible to the court while an error in the remedial process was corrected. The merits of the cause have not been determined, nor have any of the husband's defenses been prejudiced.

The orders of the Court of Chancery are affirmed.

*For affirmance*—THE CHIEF-JUSTICE, BODINE, DONGES, HEHER, COLIE, WACHENFELD, EASTWOOD, BURLING, JACOBS, WELLS, DILL, FREUND, McLEAN, SCHETTINO, JJ. 14.

*For reversal*—None.